UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

COY LYNN OWENS,                                  CIVIL NO. 10-4316 (PJS/TNL)

      PETITIONER,

V.                                           **REPORT AND RECOMMENDATION**

WARDEN B. R. JETT,

      RESPONDENT.

---

Coy Lynn Owens, Federal Medical Center, Box 4000, Rochester, MN 55903, *pro se* Petitioner; and

Lola Velazquez-Aguilu, Assistant U.S. Attorney, 300 South 4th Street, Suite 600, Minneapolis MN 55415, for Respondent.

## I.  INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody. Docket No. 1. Petitioner Coy Lynn Owens (Petitioner), federal prisoner # 04702-078, is an inmate confined at the Federal Medical Center in Rochester, Minnesota. *Id.* Petitioner is serving a 210-month sentence, imposed by the United States District Court for the Eastern District of Texas, on convictions for conspiracy to commit mail fraud, aiding and abetting in mail fraud, and aiding and abetting in arson to commit mail fraud, in violation of 18 U.S.C. §§ 2, 371, 1341, and 844(h).

Petitioner brings the present Petition, arguing that (1) the sentencing court erred by using an unsigned prospective waiver to exclude the days of continuances in violation of the Speedy

1

Trial Act of 1974, 18 U.S.C. § 3161, *et seq.*; (2) the sentencing court erred in not applying 18 U.S.C. § 3161(h)(7); and (3) the sentencing court erred by acting without jurisdiction when there was not enough time on the "speedy trial clock" after Petitioner was re-indicted in 1996. Respondent opposes the Petition, arguing that the Petition is procedurally barred. Respondent also moves the Court to sanction Petitioner.

For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody (Docket No. 1) be **DISMISSED WITHOUT PREJUDICE**; and Respondent's Motion for Sanctions be **GRANTED IN PART** and **DENIED IN PART.**

## II.   BACKGROUND

> [O]n October 9, 1996, a jury convicted [Petitioner] of conspiracy to commit mail fraud, aiding and abetting in mail fraud, and aiding and abetting in arson to commit mail fraud, in violation of 18 U.S.C. §§ 2, 371, 1341, and 844(h). On August 18, 1997, the court sentenced him to 210 months of imprisonment. The Fifth Circuit of Appeals affirmed his conviction on September 4, 1998.

*Coy Lynn Owens, #04702-078 v. United States of America*, Civil Action No. 4:07cv267, Docket No. 3 (E.D. Tex Nov. 7, 2007); *see also United States v. Owens*, 158 F.3d 584 (5th Cir. 1998), *pet. for cert. denied by* 525 U.S. 1123, 119 S. Ct. 906 (1999).

On January 18, 2000, Petitioner filed his first motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, which was dismissed on July 16, 2001. *See generally Coy Lynn Owens v. United States of America*, Civil Action No. 3:00cv3-RAS (E.D. Tex. 2000). On March 19, 2002, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was dismissed on March 26, 2003. *See generally Coy Lynn Owens v. Warden Suzanne Hastings*, Civil Action No. 5:02cv67-DF (E.D. Tex. 2002); *see also Owens v. Hastings*, 77 Fed. App'x 721, 2003 WL 22296825, at *1 (5th Cir. Oct. 7, 2003). On June 30, 2005,

Petitioner filed a second motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, which was dismissed on August 11, 2005. *See generally Coy Lynn Owens v. United States of America*, Civil No. 4:05cv259-RAS-DDB (E.D. Tex. 2005). On May 29, 2007, Petitioner filed a third motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, which was dismissed without prejudice on November 3, 2008. *See generally Coy Lynn Owens v. USA*, Civil No. 4:07cv267-RAS-DDB (E.D. Tex. 2007). On June 25, 2008, Petitioner filed a second petition for writ of habeas corpus under 28 U.S.C. § 2241, which was dismissed without prejudice September 14, 2009. *See generally Coy Lynn Owens v. Keith Roy (Warden)*, Civil Action No. 4:08cv227-RAS-DDB (E.D. Tex. 2008). On March 2, 2009, Petitioner filed a fourth motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, which was dismissed without prejudice on September 30, 2010. *See generally Coy Lynn Owens v. USA*, Civil Action No. 4:09cv102-RAS-DDB (E.D. Tex. 2009).

The petitions filed in 2007, 2008, and 2009 were all dismissed as successive and were dismissed without prejudice for Petitioner to obtain permission from the Fifth Circuit Court of Appeals to file a successive petition. *See* 28 U.S.C. § 2255(h). Petitioner appealed the dismissal order of September 14, 2009, to the United States Fifth Circuit Court of Appeals. *Owens v. Roy*, 394 Fed. App'x 61, at 63 (5th Cir. 2010). The Fifth Circuit Court of Appeals concluded that Petitioner's appeal was frivolous and concluded the opinion by stating: "[Petitioner] Owens is WARNED that future frivolous filings may result in the imposition of sanctions." *Id.*

On October 21, 2010, Petitioner brought his present Petition. Docket No. 1.[1] Respondent opposes the Petition.

---

[1] Petitioner also sent the Clerk of Court a letter in March 2011 wherein he objects to the treatment that he is receiving for his cluster headaches. Docket No. 7. This letter is neither addressed to the Court nor is relevant to the Petition. Therefore, neither it nor its claims will be addressed by this Report and Recommendation.

3

**III.    ANALYSIS**

   **a. Successive § 2255 Petition**

Section 2255 of Title 21, of the United States Code, states:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence*.

(Emphasis added.) The "savings clause" of § 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

> A federal inmate generally must challenge a conviction or sentence through a § 2255 motion. The savings clause of § 2255 permits a petition under § 2241 if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or a sentence. The inmate bears the burden of showing that the remedy is inadequate or ineffective.

*Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Failure to show that the remedy is inadequate or ineffective divests the court of subject-matter jurisdiction and results in dismissal. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986).

   "It is well established that 'in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Furthermore, "the fact that a claim was

4

previously raised in a § 2255 motion and rejected by the sentencing court does not provide the necessary showing that § 2255 was inadequate or ineffective." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Furthermore, a § 2255 petition is not inadequate or ineffective because a petitioner has been denied permission to file a second or successive § 2255 motion. *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 (8th Cir. 2002).

Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody comes under § 2255(e). Petitioner is filing a petition for habeas corpus relief after already petitioning for and being denied such relief six times by the court that sentenced him. Petitioner is presently "claiming the right to be released," 28 U.S.C. § 2255(a), based upon his contention that the sentencing court lacked jurisdiction over him after the sentencing court misapplied the Speedy Trial Act of 1974 in his case. Therefore, this Court lacks jurisdiction to consider the present Petition unless Petitioner shows that the § 2255 remedy is "inadequate or ineffective." 28 U.S.C. § 2255(e).

Petitioner seems to make two arguments to support his contention that the remedy available under § 2255 is inadequate or ineffective. First, Petitioner seems to argue that the remedy available under § 2255 is inadequate or ineffective because he is raising a new rule of *statutory* construction, as annunciated in *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976 (2006), and *Bloate v. United States*, ___ U.S. ___, 130 S. Ct. 1345 (2010),[2] and not a new rule of *constitutional* construction. Docket No. 2, at 1. Therefore, Petitioner implicitly contends that the remedy available to him under § 2255 is inadequate or ineffective because the Fifth Circuit Court

---

[2] As it relates to 28 U.S.C. § 3161, *Zedner* concerns the propriety of prospective waivers of the 70-day time limit and the need for express findings to support a continuance. *See generally Zedner*, 547 U.S. 489, 126 S.Ct. 1976. *Bloate* concerns whether the time granted for a defendant to prepare pretrial motions is "automatically" excludable from the 70-day time limit imposed by 18 U.S.C. § 3161. *See generally Bloate*, ___ U.S. ___, 130 S. Ct. 1345.

5

of Appeals will not certify his Petition because § 2255(h) only permits certification for "new evidence" and "a new rule of constitutional law." 28 U.S.C. § 2255(h). Second, Petitioner seems to argue that the remedy available under § 2255 is inadequate or ineffective because he was actually innocent because the sentencing court lacked jurisdiction over him by virtue of its alleged misapplication of the Speedy Trial Act of 1974. Docket No. 2, at 3.

Petitioner has not shown that the remedy available to him under § 2255 is inadequate or ineffective. First, analogous to the Eighth Circuit Court of Appeals' holding in *United States ex rel. Perez*, 286 F.3d at 1062, in Petitioner's case, § 2255(h) is not the impediment to this Court hearing his Petition under § 2241. Rather the impediment is the fact that *Zedner* and *Bloate* do not render "new rule[s] of constitutional law."[3] 28 U.S.C. § 2255(h). Second, claims of actual innocence fall squarely under § 2255(h). Likewise, that Petitioner does not have "new evidence" to support his claim of actual innocence does not render § 2255(h) inadequate or ineffective.

Respondent argues that Petitioner's claims were procedurally defaulted because he is attempting to re-litigate claims that he already brought or could have brought in his previous habeas corpus petitions. Procedural default concerns those non-constitutional and non-jurisdictional claims that could have previously been raised on direct appeal. *See Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Procedural default never arises in successive § 2255 petitions because § 2255(h) only permits certification for "new evidence" and "a new rule of constitutional law." Nevertheless, as a matter of common sense and practice, Petitioner forfeited his right to challenge the application of the Speedy Trial Act of 1974 in his present Petition to the extent that he previously raised that challenge or failed to raise that challenge in

---

[3] To the extent that a claim based upon a new interpretation of the Speedy Trial Act of 1974 can be construed as a claim based upon the constitutional right to a speedy trial, U.S. Const. amend VI, Petitioner has made no showing why he could not bring this claim to the Fifth Circuit Court of Appeals for certification.

his previous petitions. *See United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) (holding that petitioner forfeited the challenge where the challenge did "not rely on newly discovered evidence or a new rule of constitutional law, and he easily could have made the challenge at the time he filed his § 2255 motion").

### b. Respondent's Motion for Sanctions

Respondent requests that Petitioner "either be sanctioned or directed that any future filings raising the same issue will subject him to sanctions" because Petitioner could have brought his claims in his prior habeas corpus petitions and Petitioner failed to obtain certification from the Fifth Circuit Court of Appeal in order to file the present Petition. Resp. Mem. at 8, Nov. 23, 2010. Respondent fails to specify what "sanction" might deter a petitioner who has unsuccessfully sought seven writs of habeas corpus. Therefore, Respondent's request for sanctions should be denied.

Nevertheless, the present Petition is without merit and wasted the resources of both the United States District Court for the District of Minnesota and the United States Attorney's Office. Therefore, this Court recommends that Petitioner be warned that future frivolous filings may result in the imposition of sanctions, including without limitation, designation as a "restricted filer" whose future filings in the United States District Court for the District of Minnesota are subject to review and certification of merit by the Chief District Court Judge for the United States District Court for the District of Minnesota; assessment of costs, fines and attorneys' fees and disbursements; and/or any other relief that this Court may from time to time deem appropriate.

### c. Certificate of Appealability

Rule 11 Governing Section 2254 Cases in the United States District Court requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Here, Petitioner specifically argues that there was no denial of a constitutional right. Therefore, this Court recommends that the certificate of appealability be denied.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 by a Person in Federal Custody be **DISMISSED WITHOUT PREJUDICE**;

2. Respondent's Motion for Sanctions be **GRANTED IN PART** and **DENIED IN PART**, to the extent that Petitioner is warned that future frivolous filings may result in the imposition of sanctions, including without limitation, designation as a "restricted filer" whose future filings in the United States District Court for the District of Minnesota are subject to review and certification of merit by the Chief District Court Judge for the United States District Court for the District of Minnesota; assessment of costs, fines and attorneys' fees and disbursements; and/or any other relief that this Court may from time to time deem appropriate; and

   3. The certificate of appealability be **DENIED**.

Dated:   Sept. 12, 2011

                                              *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              United States District Court
                                              for the District of Minnesota
                                              CIVIL NO. 10-4316 (PJS/TNL)

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before   September 28, 2011  .