UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COY LYNN OWENS, | Case No. 10-CV-4316 (PJS/TNL) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| WARDEN B. R. JETT, | |
| Respondent. | |

Coy Lynn Owens, petitioner pro se.

Lola Velazquez-Aguilu, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, for respondent.

This matter is before the Court on petitioner Coy Lynn Owens's objection to Magistrate Judge Tony N. Leung's Report and Recommendation ("R&R"). Judge Leung recommends that Owens's petition for habeas corpus under 28 U.S.C. § 2241 be dismissed for lack of jurisdiction and that Owens be warned that filing frivolous petitions in the future may result in the imposition of sanctions. Docket No. 10. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Owens's objection and adopts the R&R.

Owens was convicted by a jury of conspiracy to commit mail fraud, aiding and abetting in mail fraud, and aiding and abetting in arson to commit mail fraud. He was sentenced to a prison term of 210 months by the United States District Court for the Eastern District of Texas. Owens appealed, and the Fifth Circuit affirmed his conviction and sentence. *United States v. Owens*, 158 F.3d 584 (5th Cir. 1998) (unpublished table decision). This is Owens's *seventh* petition or motion for post-conviction relief. Over the past ten years, Owens has filed four

-1-

motions pursuant to 28 U.S.C. § 2255 and two petitions pursuant to § 2241. Most recently, the Fifth Circuit affirmed the dismissal of Owens's second § 2241 petition on the grounds that, because Owens had failed to establish that § 2255 was inadequate or ineffective, his § 2241 petition was really an (unauthorized) successive § 2255 motion over which the district court lacked jurisdiction. *Owens v. Roy*, 394 Fed. App'x 61, 63 (5th Cir. 2010).

As Judge Leung explains, Owens cannot collaterally attack his conviction under § 2241 — as he is attempting to do in this proceeding — unless he can establish that a motion pursuant to § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Owens, as the petitioner, has the burden of establishing that the § 2255 remedy would be inadequate or ineffective. *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). A § 2241 petition cannot be used to raise an issue that could have been raised in a § 2255 motion filed in the district court that imposed the sentence. *Hill v. Morrison*, 349 F.3d 1089, 1092 (8th Cir. 2003). As long as the petitioner had one "unobstructed procedural *opportunity* to present his claim," the fact that he failed to take advantage of that opportunity does not render § 2255 inadequate or ineffective.[1] *Abdullah*, 392 F.3d at 963 (emphasis added); *see also United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (noting that § 2255 is not inadequate or ineffective simply because petitioner may not file a second or successive § 2255 motion).

---

[1] To show that § 2255 is inadequate or ineffective, many circuits require the petitioner to assert a claim of actual innocence — that is, a claim that the petitioner is being detained for conduct that is not criminal. *See, e.g.*, *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001); *In re Jones*, 226 F.3d 328, 334-35 (4th Cir. 2000); *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). Although the Eighth Circuit has cited these decisions with approval, *see Abdullah*, 392 F.3d at 961-63, it has not formally required petitioners to assert their actual innocence to establish that § 2255 is inadequate or ineffective.

In his current petition, Owens argues that the trial court violated his rights under the Speedy Trial Act ("STA"), 18 U.S.C. §§ 3161-3174.  Generally speaking, the STA requires that a federal criminal defendant be tried within 70 days after he is indicted or appears before the court.  *See* § 3161(c)(1).  Certain periods of delay, however, are not counted toward the 70-day deadline.  *See* § 3161(h).  If the trial does not begin on time, the trial court may dismiss the indictment at the defendant's request, although that dismissal may be without prejudice, thus allowing the government to re-indict the defendant.  *See* § 3162(a)(2).  Owens argues that the trial court impermissibly excluded time from the 70-day requirement and therefore violated his right to a speedy trial.[2]

According to Owens, § 2255 is inadequate or ineffective because there have been intervening changes to the STA under *Zedner v. United States*, 547 U.S. 489 (2006), and *Bloate v. United States*, 130 S. Ct. 1345 (2010).  In *Zedner*, the Supreme Court held that a defendant cannot prospectively waive the applicability of the STA.  547 U.S. at 503.  In *Bloate*, the Supreme Court held that the time granted to a party to prepare for pretrial motions may not be

---

[2]Owens also argues that the trial court violated § 3161(c)(2) by setting a trial date just 25 days after Owens first appeared through counsel.  Section 3161(c)(2) protects a defendant from having to go to trial in fewer than 30 days from when he first appeared through counsel unless he executes a written waiver of that right.  Although Owens never signed such a waiver, his right not to be tried within 30 days was not violated because his attorney sought and received a continuance of the trial date.  Thus, § 3161(c)(2) was not violated.

Owens also complains that his attorney sought a continuance without his permission.  In other words, Owens complains both that (1) his trial date was set too early to allow him to prepare a defense, and (2) his attorney improperly asked that the trial date be continued to give him time to prepare a defense.  Even if the actions of Owens's counsel might give Owens a claim for ineffective assistance of counsel — something that this Court very much doubts — Owens could have pursued that claim as part of his first § 2255 motion, and thus he cannot pursue it now.

automatically excluded from the 70-day requirement under § 3161(h)(1); rather, preparation time may be excluded only if the district court makes case-specific findings under § 3161(h)(7). 130 S. Ct. at 1357-58. Owens argues that he could not have raised a STA claim under *Zedner* or *Bloate* as part of his first § 2255 motion, because those cases were not decided until after he brought that motion. And, Owens argues, he cannot now file a § 2255 motion to pursue a STA claim under *Zedner* or *Bloate*, because § 2255(h) bars a second or successive motion under § 2255 unless there is either "newly discovered evidence" or "a new rule of constitutional law." Because *Zedner* and *Bloate* interpreted the STA, and not any provision of the Constitution, Owens's current contentions rely on neither "newly discovered evidence" nor "a new rule of constitutional law."

Owens has not established that § 2255 is inadequate or ineffective. To begin with, Owens has not established — and the Court has not found any authority suggesting — that *Zedner* or *Bloate* even *apply* to his case. To the contrary, courts that have addressed the issue have held that *Zedner* and *Bloate* do *not* apply retroactively in habeas proceedings. *See Hall v. Wilson*, No. Civ. A. 6:10-CV-00188 (KSF), 2011 WL 676935, at *4 (E.D. Ky. Feb. 16, 2011) (noting that *Zedner* and *Bloate* do not apply retroactively on collateral review); *see also Shipley v. United States*, Civil No. 07-2051, 2007 WL 4372996, at *5 (W.D. Ark. Dec. 12, 2007) (finding that *Zedner* does not apply retroactively in habeas proceedings); *Montgomery v. United States*, No. CV-06-367 (FVS), 2007 WL 130194, at *1 (E.D. Wash. Jan. 16, 2007) (noting that the Supreme Court has not held that *Zedner* applies on collateral review); *Fowler v. Jeter*, No. Civ. A. 4:06-CV-610-Y, 2006 WL 3690415, at *2 (N.D. Tex. Dec. 12, 2006) (same).

This is hardly surprising, for there is a strong presumption that new rules do not apply retroactively in habeas proceedings. *See Teague v. Lane*, 489 U.S. 288, 305-10 (1989) (plurality opinion). Under the framework set forth by the Supreme Court, a new rule does not apply retroactively in a habeas proceeding unless: "(1) the rule is substantive or (2) the rule is a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding."[3] *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (internal quotations omitted). Substantive rules "alter[] the range of conduct or the class of persons that the law punishes," while procedural rules "regulate only the *manner of determining* the defendant's culpability . . . ." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (emphasis original).

Without question, *Zedner* and *Bloate* — decisions about the timing of a criminal trial — announced procedural rather than substantive rules. Therefore, to be retroactively applied in a habeas proceeding, the rule announced in *Zedner* or *Bloate* must be a "watershed rule" — that is, the rule must: (1) "be necessary to prevent an impermissibly large risk of an inaccurate conviction" and (2) "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Whorton*, 549 U.S. at 418 (internal quotations omitted).

---

[3] A new rule is one that "'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or was not 'dictated by precedent existing at the time the defendant's conviction became final.'" *Saffle v. Parks*, 494 U.S. 484, 488 (1990) (quoting *Teague*, 489 U.S. at 301). The Court assumes for the sake of argument that the rules in *Zedner* and *Bloate* are new, although that is far from clear. For example, before the Supreme Court decided *Bloate*, it was an open question in the Fifth Circuit whether preparation time for pretrial motions may be automatically excluded from the 70-day requirement. 130 S. Ct. at 1351 nn.5-6.

The Supreme Court has been extremely reticent to find that new procedural rules meet these criteria.[4]  In *Whorton*, for example, the Supreme Court unanimously held that *Crawford v. Washington*, 541 U.S. 36 (2004) — a landmark decision about the admissibility of out-of-court statements against criminal defendants under the Confrontation Clause — is not a watershed rule and therefore does not apply retroactively in habeas proceedings.  549 U.S. at 418.  Similarly, in *Summerlin*, the Supreme Court ruled that *Ring v. Arizona*, 536 U.S. 584 (2002) — which held that aggravating factors that authorize the death penalty must be found by a jury rather than a judge — is not a watershed rule.  542 U.S. at 355-56.  In both *Whorton* and *Summerlin*, the Supreme Court emphasized that the new rule would not apply retroactively in a habeas proceeding because the rule is not "one without which the likelihood of an accurate conviction is *seriously* diminished."  *Whorton*, 549 U.S. at 420 (quoting *Summerlin*, 542 U.S. at 352) (emphasis in original).

In this case, any alleged violation of the STA did not "seriously diminish" the accuracy of the proceedings that resulted in Owens's convictions.  Even if the trial court impermissibly excluded certain days from the 70-day limit in violation of the STA, that error affected only the *timing* of Owens's convictions, not their *accuracy*.  Therefore, the Court finds that *Zedner* and *Bloate* do not apply retroactively in habeas proceedings.  And because *Zedner* and *Bloate* do not apply in this habeas proceeding, Owens's STA claim could have been pursued on direct appeal, in his first § 2255 motion, or at any other time since his conviction.

---

[4]In fact, the Supreme Court has noted that only *Gideon v. Wainwright*, 372 U.S. 335 (1963), which held that an indigent defendant who is charged with a felony must be appointed counsel, has been found to be a watershed rule.  *See Whorton*, 549 U.S. at 419.

Moreover, even if *Zedner* and *Bloate* did apply in this habeas proceeding, they would not help Owens, as they are utterly irrelevant to his case. *Zedner* was about the effectiveness of a prospective waiver of speedy-trial rights by a defendant; in this case, Owens did not prospectively waive his speedy-trial rights, and the trial court did not rely on a prospective waiver when it granted Owens's motion for a continuance. Pet'r Mem. in Support of Pet. for Writ of Habeas Corpus ("Pet'r Mem.") at 7-9 [Docket No. 2]. *Bloate* also has nothing to do with Owens's claim. There is no evidence that the trial court excluded preparation time for pretrial motions from the 70-day limit under § 3161(h)(1) — the practice condemned in *Bloate*.[5]

In short, because neither *Zedner* nor *Bloate* apply retroactively to Owens's case — and because, even if they did apply, *Zedner* and *Bloate* would be irrelevant to Owens's case — the STA claim that Owens is now pursuing could have been pursued at any time since his conviction. Owens had at least one "unobstructed procedural opportunity" to argue that the trial court violated the STA, *Abdullah*, 392 F.3d at 963, and thus Owens has failed to establish that a motion under § 2255 would be inadequate or ineffective to challenge his convictions. Owens's § 2241 petition is dismissed for lack of jurisdiction.

---

[5]Owens appears to argue that the trial court cited the wrong subsection when it excluded the delay resulting from an ends-of-justice continuance from the 70-day requirement. Pet'r. Mem. at 18-19 ("[T]he district court was required to use subsection (h)(7) when it excluded the continuance delay . . . [t]he Court erred when it granted 91 excludable days under subsection (h)(8)."). The trial court cited the correct provision of law. Subsections (h)(6)-(9) were renumbered as (h)(5)-(8) after Congress enacted the Judicial Administration and Technical Amendments Act of 2008. Pub L. No. 110-406, § 13, Oct. 13, 2008, 122 Stat. 4294 (2008); *see also Bloate*, 130 S. Ct. at 1349 n.2.

ORDER

Based on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [Docket No. 10]. IT IS HEREBY ORDERED that:

1. Coy Lynn Owens's 28 U.S.C. § 2241 petition for writ of habeas corpus [Docket No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The government's request for sanctions is GRANTED IN PART and DENIED IN PART. Owens is warned that future frivolous filings will result in the imposition of sanctions against him, including monetary sanctions and restrictions on his right to file lawsuits in the United States District Court for the District of Minnesota.

3. No certificate of appealability will issue, as this case is frivolous.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 13, 2011             s/Patrick J. Schiltz
                                                         Patrick J. Schiltz
                                                         United States District Judge